IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| CHARLES ADAM FIECHTNER, SR., | CV 11-8-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| KHOL'S DEPARTMENT STORE, in Glendale, Arizona, BOB DOE, NANOG DOE, and KELLY DOE, | |
| Defendants. | |

_____

## I.  BACKGROUND

On January 18, 2011, Plaintiff Charles Fiechtner, Sr., proceeding pro se, filed a Complaint together with a Motion to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a).  Summonses have not been issued in this case, and the record reflects that Fiechtner has not effected service of this action on Defendants under Fed. R. Civ. P. 4.

Fiechtner's Complaint alleges he suffered an "on the job" personal injury on January 30, 2008, apparently while in the employ of Khol's Department Store in Glendale, Arizona.  In the caption of his Complaint, Fiechtner identifies Khol's as the defendant.  In the body of the Complaint, Fiechtner also identifies "Bob"

1

(Assistant Manager), "Nanog" (Receptionist), and "Kelly" (Manager) as

Defendants.  He alleges that at the time of his injury he was acting at the direction

of "Bob."  He does not, however, describe how Nanog or Kelly were involved in

the underlying incident.

## II.  DISCUSSION

Because Fiechtner is proceeding pro se the Court must construe his pleading

liberally, and the pleading is held "to less stringent standards than formal

pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See*

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has

authority to dismiss a pleading based on certain defects,

> a district court should grant leave to amend even if no request to amend the
> pleading was made, unless it determines that the pleading could not possibly
> be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995)).

For the reasons stated below, this action should be dismissed on the ground

that the District of Montana is not the proper venue for Fiechtner's claims.

Although a defendant may waive his or her objection to the venue for a case under

Fed. R. Civ. P. 12(h)(1), where the defendant has not yet filed a responsive

pleading and has not waived the objection, the Court may raise the improper venue

2

issue *sua sponte*.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Bennett v. Aurora Behavioral Health Care*, 2009 WL 178489, *2 (C.D. Cal. 2009).  Here, Defendants have not yet filed a responsive pleading, and have not waived any venue objection.

Accepting Fiechtner's allegations as true at this stage of these proceedings, the allegations invoke this Court's jurisdiction based on diversity of citizenship and the compensatory amount in controversy as prescribed under 28 U.S.C. § 1332(a).  The allegations plausibly suggest Fiechtner is a citizen of Montana, and that each Defendant is a citizen of some State other than Montana.[1]

Federal law at 28 U.S.C. § 1391 sets forth the rules for determining the proper venue for cases filed in the federal courts.  In light of the apparent existence of diversity jurisdiction, the applicable venue provision is set forth at § 1391(a) which states as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is

---

[1]The Court takes judicial notice of Fiechtner's allegations set forth in his Complaint filed in Cause No. CV 11-7-M-DWM-JCL which assert he is a citizen of Montana.

3

commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Under the circumstances of this case, venue is not proper in Montana under any of the three alternative provisions of § 1391(a).  The address Fiechtner provided for Khol's Department Store is in Glendale, Arizona, and Fiechtner does not allege that all Defendants reside in the District of Montana.  Additionally, Fiechtner's allegations establish that all of the events or omissions that are the subject of this lawsuit occurred in the State of Arizona, not in the District of Montana.  Finally, the provisions of § 1391(a)(3) are inapplicable because subsections (1) and (2) establish that venue is proper in the District of Arizona.

Based on the foregoing, Fiechtner filed this action in the wrong venue.  Consequently, the circumstances of this case invoke the provisions of 28 U.S.C. § 1406(a) which state as follows:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).  The district court has discretion in determining whether to either dismiss or transfer an action under § 1406(a).  *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

4

The Court finds no factors that would establish that a transfer of this action to Arizona would be in the interest of justice.  Fiechtner resides in Montana, and he was free to commence this action in the District of Arizona if he desired to do so.  Additionally, dismissal of this action would be without prejudice to Fiechtner's ability to re-file his complaint in Arizona.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Fiechtner's Complaint be **DISMISSED** for lack of proper venue, and that Fiechtner's Motion to Proceed *In Forma Pauperis* be **DENIED** as moot.  *See Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007).

DATED this 20th day of January, 2011.

 /s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge